**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYREE WILLIAMS, | |
| Plaintiff, | : |
| | : |
| | : Civil Action |
| v. | : |
| | : No.2:20-CV-02219 |
| TEMPLE UNIVERSITY – OF THE | : |
| COMMONWEALTH SYSTEM | : |
| OF HIGHER EDUCATION, et al. | : |
| | : |
| Defendants. | : |

## TEMPLE DEFENDANTS' ANSWER WITH AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S COMPLAINT

The Defendants, Temple University – Of The Commonwealth System of Higher Education ("Temple University") and Temple Police Officers Sabir and Mitchell (collectively, "Temple Defendants"), by and through their undersigned counsel, hereby file this Answer with Affirmative Defenses to the Complaint of the plaintiff, Tyree Williams ("Plaintiff"), in accordance with the numbered paragraphs of the Complaint, as follows:

### PARTIES

1.      Denied.  The allegations contained within this paragraph are conclusions of law to which no responsive pleading is required.

2.      Denied.  The allegations contained within this paragraph are conclusions of law to which no responsive pleading is required.

3.      Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the

1

truth or falsity of the allegations contained in this paragraph and strict proof thereof is demanded at trial.

4.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and strict proof thereof is demanded at trial.

5.     Denied.  The proper name of the defendant is Temple University – Of The Commonwealth System of Higher Education.  By way of further Temple University is a non-profit educational institution with its Office of University Counsel located at 300 Sullivan Hall, 1330 Polett Walk, Philadelphia, PA 19122.  Temple University offers undergraduate degrees as well as graduate and professional programs. By way of further response, the allegations contained in this paragraph are conclusions of law to which no response is required.

6.     Admitted in part, denied in part.  It is admitted only that Defendants Officers Sabir and Mitchell were employed as Temple University Police Officers at all times relevant to this litigation.  All other allegations in this paragraph are denied as conclusions of law to which no response is required.

7.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and strict proof thereof is demanded at trial.

8. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and strict proof thereof is demanded at trial.

9. Admitted.

10. Admitted.

11. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

12. Denied as stated. Plaintiff reported directly to James Van Blunk, Senior Associate Director of Admissions. Mr. Van Blunk reported to Karin Mormando, Director of Undergraduate Admissions.

13. Denied as stated. Plaintiff's job responsibilities included, but were not limited to, leading efforts in identifying, recruiting and enrolling students from under-represented populations; executing on-campus and off-campus events and workshops; and, specifically, managing the Philadelphia territory including travel and execution of high school visits and college fair programs in Philadelphia. His position required, among other things, travel locally and out-of-state, the ability to interact with people of a multitude of constituencies, and outstanding communication, networking and relationship development skills.

14. Denied as stated. This is Plaintiff's statement of the case and is therefore

replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

15.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

16.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

17.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

18.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

19.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

20.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

21.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

22.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

23.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

24.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

25.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

26.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

27.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

28.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

29.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

30.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

31.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

32.     Denied as stated. It is admitted only that Plaintiff made a complaint to Temple's Equal Opportunity Compliance manager.  The remaining allegations are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

33.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

34.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

35.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

36.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

37.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

38.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

39.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

40.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

41.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

42.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

43.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

44.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

45.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

46.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

47.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

48.     Denied. Plaintiff references documents, which speak for themselves, and any allegations inconsistent with those documents are denied.   By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

49.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

50.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

51.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

52.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

53.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

54.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

55.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

56.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

57. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

58. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

59. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

60. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

61. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

62. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such

allegations are denied and strict proof thereof is demanded at time of trial. By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's beliefs.

63. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

64. Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

65. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

66. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

67.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

68.     Denied as stated. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

69.     Denied. Plaintiff references documents, which speak for themselves, and any allegations inconsistent with those documents are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

70.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

71.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

72.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

73.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

74.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

75.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's medical diagnoses.

76.     Denied as stated.  It is admitted only that Plaintiff supplied paperwork with respect to FMLA leave.  Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague,

argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

77.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial. By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's interactions with his therapist.

78.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's interactions with his therapist.

79.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

80.    Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

81.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

82.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's interactions with his therapist.

83.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

84.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

85.     Denied. Plaintiff references documents, which speak for themselves, and any allegations inconsistent with those documents are denied.  By way of further

response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

86. Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

87. Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

88. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

89. Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague,

argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

90.     Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

91.     Denied as stated. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

92.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

93.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

94.     Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

95. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

96. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

97. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

98. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

99. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

100.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

101.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

102.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

103.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

104.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

105.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

106. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent that a response is required, Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

107. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

108. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

109.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

110.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

111.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

112.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

113.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

114.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

115.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

116.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.  By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's beliefs and interactions with his medical providers.

117.  Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

118.   Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

119.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

120.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

121.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

122.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

123.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

124.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

125.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

126.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

127.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.   Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

128.   Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied.   By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

129.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

130.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

131.  Denied. Plaintiff purports to reference a document, which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

132.  Denied. Plaintiff purports to reference a document, which speaks for itself, and any allegations inconsistent with that document are denied.  By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

133.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

134.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

135. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

136. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial. By way of further response, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Plaintiff's interactions with his medical providers.

137. Denied. Plaintiff references a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

138. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure.

Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

139. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

140. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

141. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

142.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

143.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

144.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

145.  Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

146. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

147. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

148. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

149. Denied. Plaintiff purports to reference a document, which speaks for itself, and any allegations inconsistent with that document are denied. By way of further response, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

150. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

151. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

152. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

153. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

154. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

155. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

156.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

157.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

## COUNT I
## TERMS AND CONDITIONS OF EMPLOYMENT – TITLE VII

158.   The Temple Defendants' responses set forth in paragraphs 1 through 157 above are incorporated herein by reference as though fully set forth herein at length.

159.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

160.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related

to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

161. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

162. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants'' favor and award them all costs and attorneys' fees permitted by law.

**COUNT II**
**HOSTILE WORK ENVIRONMENT – TITLE VII**

163.  The Temple Defendants' responses set forth in paragraphs 1 through 162 above are incorporated herein by reference as though fully set forth herein at length.

164.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

165.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

166.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

167.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

168.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

**COUNT III**
**RETALIATION – TITLE VII**

169.   The Temple Defendants' responses set forth in paragraphs 1 through 168 above are incorporated herein by reference as though fully set forth herein at length.

170.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

171.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

172.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the

Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

## COUNT IV
## RACIAL DISCRIMINATION – 42 U.S.C. § 1981

173.  The Temple Defendants' responses set forth in paragraphs 1 through 172 above are incorporated herein by reference as though fully set forth herein at length.

174.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

175.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

**COUNT V**
**HOSTILE WORK ENVIRONMENT – 42 U.S.C. § 1981**

176.   The Temple Defendants' responses set forth in paragraphs 1 through 175 above are incorporated herein by reference as though fully set forth herein at length.

177.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.   Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

178.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.   To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.   Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

**COUNT VI**
**RETALIATION – 42 U.S.C. § 1981**

179. The Temple Defendants' responses set forth in paragraphs 1 through 178 above are incorporated herein by reference as though fully set forth herein at length.

180. Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

181-182. Denied. The allegations contained within these paragraphs are conclusions of law to which no responsive pleading is required. By way of further response, the allegations of these paragraphs suggest that Plaintiff was terminated in retaliation to legally protected conduct, and those allegations are specifically denied. The decision to terminate Plaintiff was made after Plaintiff took an extended leave of absence for almost six months; after Temple extended his leave on at least four separate occasions despite Plaintiff's inadequate documentation provided to support said leave; after Temple attended and participated in two mediation sessions despite Plaintiff still being out on leave during the mediations; after Temple engaged in an interactive process with Plaintiff in an attempt to find a reasonable accommodation to his alleged disability; and after Plaintiff refused to consider any alternative reasonable accommodations other than his desired accommodation, discontinued engaging with and responding to Temple's repeated attempts to engage him. Ultimately, Plaintiff was terminated after three consecutive days of unexcused absences. Plaintiff's termination was in no way in retaliation to protected conduct of Plaintiff. Rather, Plaintiff's

41

termination was due to his conduct, inability to fulfill his job functions, and his refusal to return to work.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

## COUNT VII
## DISABILITY DISCRIMINATION - ADA & ADAA

183.   The Temple Defendants' responses set forth in paragraphs 1 through 182 above are incorporated herein by reference as though fully set forth herein at length.

184.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

185.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

186.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple

Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

187.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

188.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

189.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete

with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

190.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

**COUNT VIII**
**RETALIATION - FMLA**

191.   The Temple Defendants' responses set forth in paragraphs 1 through 190 above are incorporated herein by reference as though fully set forth herein at length.

192.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

193.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete

with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

**COUNT IX**
**FALSE ARREST & EXCESSIVE FORCE – 42 U.S.C. § 1983**

194.  The Temple Defendants' responses set forth in paragraphs 1 through 193 above are incorporated herein by reference as though fully set forth herein at length.

195.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

196.  Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

197.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

198.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

## COUNT X
## PHRA

199.  The Temple Defendants' responses set forth in paragraphs 1 through 198 above are incorporated herein by reference as though fully set forth herein at length.

200.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

201. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

## COUNT XI
## DEFAMATION - 43 PA. C.S. § 8343

202. The Temple Defendants' responses set forth in paragraphs 1 through 201 above are incorporated herein by reference as though fully set forth herein at length.

203. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

204. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple

Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

205. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

206. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

207. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete

with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

208.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

209.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

210.  Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

211. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

### COUNT XII
### <u>PRIVACY VIOLATION</u>

212. The Temple Defendants' responses set forth in paragraphs 1 through 211 above are incorporated herein by reference as though fully set forth herein at length.

213. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

214.   Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

215.   Denied. This is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

216.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

217.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no

responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

218.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

## COUNT XIII
## ASSAULT AND BATTERY

219.   The Temple Defendants' responses set forth in paragraphs 1 through 218 above are incorporated herein by reference as though fully set forth herein at length.

220.   Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff.  Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

221. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

222. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent a response is required, the Temple Defendants specifically deny that they acted unlawfully in any way or in any way related to Plaintiff. Furthermore, this is Plaintiff's statement of the case and is therefore replete with allegations that are vague, argumentative, and conclusive in nature and require no responsive pleading under the Federal Rules of Civil Procedure. Therefore, all such allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE**, the Temple Defendants respectfully request that this Honorable Court deny Plaintiff's request for relief in Plaintiff's Complaint and enter judgment the Temple Defendants' favor and award them all costs and attorneys' fees permitted by law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all material times, the Temple Defendants acted in a lawful manner and did

not engage in any unlawful practices, violate any law and/or statute.

## THIRD AFFIRMATIVE DEFENSE

Any and all damages incurred by Plaintiff, if any, were not the result of any action and/or inaction on the part of the Temple Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to mitigate his damages or suffered no actual damages.

## FIFTH AFFIRMATIVE DEFENSE

The actions of the Temple Defendants do not rise to the level that warrants an award of damages and/or compensatory damages.

## SIXTH AFFIRMATIVE DEFENSE

The Temple Defendants are not liable for the damages suffered by Plaintiff, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take all requisite procedural steps, or is otherwise ineligible, to pursue a claim under the Family Medical Leave Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any facts entitling him to relief pursuant to 29 U.S.C. § 2601, et seq.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based upon accord and satisfaction, estoppel, waiver, mootness, unclean hands or the *de minimums* doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of ratification, acquiescence, settlement, consent, payment and release.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based upon the statute of limitations and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages or injuries, if any, were caused by forces other than the incidents which form the basis of the Complaint and, thus, are not in any way whatsoever a direct or proximate result of the actions of the Temple Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that he has suffered any damages as a direct or proximate result of any actions or omissions on behalf of the Temple Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all damages and injuries set forth and pleaded in the Complaint were caused, in whole or in part, by individuals or entities other than the Temple Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is frivolous, unreasonable, and without foundation and the Temple Defendants, therefore, are entitled to an award of attorneys' fees.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the defense of privilege, whether absolute or qualified.

## TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, the Temple Defendants acted in a manner that was proper, reasonable, lawful and in the exercise of good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Temple Defendants reserve the right to assert further defenses as they become apparent through discovery or investigation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's termination was due to his own conduct as well as his violations of Temple University's Rules of Conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Each employment action alleged by Plaintiff was for legitimate non-discriminatory and non-retaliatory business reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

No impermissible factor played any role whatsoever in any of Plaintiff's complained of personnel actions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for loss wages is based in whole or part by his own conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for defamation in accordance with Pennsylvania law under 42 Pa. C.S.A. § 8343.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The documents and statements at issue and their contents are not materially false.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Temple Defendants did not publish the documents and statements at issue.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The documents and statements at issue and their contents are substantially true.

## THIRTIETH AFFIRMATIVE DEFENSE

The Temple Defendants acted in good faith and in a belief founded on reasonable grounds that the documents and statements at issue were true and correct and with no reason to doubt their truth.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The documents and statements at issue were made on a lawful occasion, in good faith, without fault, for justifiable purpose, and with a belief founded upon reasonable grounds that the documents and statements at issue were true and correct.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that the documents and statements at issue were published, they were done so upon a proper occasion, from a proper motive, in a proper manner, and were based upon reasonable and proper cause.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Temple Defendants acted without fault in all of their conduct relating to the documents and statements at issue.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no harm by reason of the documents and statements at issue.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a matter of law, the documents and statements at issue are incapable of causing legally cognizable harm to Plaintiff, and the documents and statements at issue are not the legal cause of any injury to Plaintiff.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The information in the documents and statements at issue was justified.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's prosecution of this action violates the Temple Defendants' rights under the First and Fourteenth Amendments to the United State Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### THIRTY-NINETH AFFIRMATIVE DEFENSE

An award of punitive damages for speech concerning matters of public concern is prohibited by the Constitution and the laws of the Commonwealth of Pennsylvania and by the United States Constitution.

### FORTHIETH AFFIRMATIVE DEFENSE

An amount of punitive damages in accordance with the standard enunciated by the courts of Pennsylvania would violate the Temple Defendants' procedural and substantive due process rights under the Pennsylvania and United States Constitutions.

### FORTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages, even if permissible, would have to bear a reasonable relationship to the award of compensatory damages.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff was treated the same as all other similarly situated employees at all times.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants have not engaged in any discriminatory practices with malice or with reckless indifference to Plaintiff's rights. Therefore, as a matter of law, Plaintiff is not entitled to punitive damages based on the allegations and claims asserted herein.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant has not deprived Plaintiff of any rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), Pennsylvania Human Relations Act ("PHRA"), Family Medical Leave Act ("FMLA"), 42 U.S.C. § 1981, or any other federal or state law.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant took all reasonable steps necessary under the ADA and PHRA to accommodate Plaintiff's disability, if any.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the requisite internal and external administrative remedies.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over all claims not included in Plaintiff's Complaint filed with the EEOC and/or the PHRC.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a *prima facie* case of discrimination in violation of the Title VII, ADA, 42 U.S.C. § 1981, FMLA, and PHRA.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred because Plaintiff is not a "qualified individual with a disability" within the meaning of the ADA and PHRA. Further, Defendant may not have "regard[ed] Plaintiff as being disabled."

## FIFIETH AFFIRMATIVE DEFENSE

Plaintiff did not seek nor was he refused a reasonable accommodation in accordance with the ADA and PHRA.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

No reasonable accommodation existed that would have permitted Plaintiff to perform the essential elements of his position.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff on the basis of a real or perceived medical condition.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

The conduct alleged by Plaintiff is not severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by Temple's adoption, publication and enforcement of policies against discrimination of the type alleged in the Amended Complaint and because Defendants actions with respect to Plaintiff have in all respects been lawful and do not demonstrate willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for retaliation fails because Plaintiff was not subjected to an adverse employment action in response to Plaintiff engaging in protected conduct.

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiff, together with all costs of and attorneys' fees permitted by law.


**TUCKER LAW GROUP, LLC**


Dated:  August 11, 2020        /s/ Joe H. Tucker, Jr.
Joe H. Tucker, Jr. Esquire
Jessica Rickabaugh, Esquire
Brock J. Atkins, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for the Temple Defendants

**CERTIFICATE OF SERVICE**

I, Joe H. Tucker, Jr., Esquire, hereby certify that on this date, I caused to be served

a true and correct copy of the Temple Defendants' Answer with Affirmative Defenses to

Plaintiff's Complaint upon the following counsel via court filing notification:

Reginald Allen, Esquire
7601 Crittenden Street, F12
Philadelphia, PA 19118

**TUCKER LAW GROUP, LLC**

Dated:  August 11, 2020          /s/ Joe H. Tucker, Jr.
                                 Joe H. Tucker, Jr. Esquire
                                 Jessica Rickabaugh, Esquire
                                 Brock J. Atkins, Esquire
                                 Attorneys for the Temple Defendants