IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE WILLIAMS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 20-2219 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, et al., | : | |
|     Defendants. | : | |

**EXPLANATION AND ORDER**

Plaintiff Tyree Williams brings this suit against Defendants Temple University – of the Commonwealth System of Higher Education ("Temple") and Temple Police Officers Sabir and Mitchell. Williams brings claims for employment discrimination, excessive force, defamation, violation of privacy, and assault and battery. Defendants move for partial summary judgment on Williams' claims of employment discrimination, retaliation, and hostile work environment only.[1]

First, Williams brings racial discrimination claims against Temple under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Genuine disputes of material fact

---

[1] It is difficult to be certain which of Williams' thirteen claims the summary judgment motion applies to. Defendants state they are moving for summary judgment on "Plaintiff's claims under the ADA, FMLA, [PHRA], Section 1981, and Title VII," and that they are not moving for summary judgment on defamation and privacy violation claims of Counts XI and XII. ECF No. 26, at p. 5. The counts that they list in their proposed order, motion, and conclusion to their brief, however, do not include Williams' claims under the PHRA, which are Count X in Williams' complaint. *Id.* at p. 1, 3, 26 (requesting dismissal of counts I, II, III, IV, V, VI, VII, VIII, and IX). Count IX, Williams' claim for excessive force, is referenced in this list but there is no argument as to why it should be dismissed. Therefore I treat the motion as moving for summary judgment on the claims actually addressed in the argument section of Defendants' brief, which are Williams' claims for: employment discrimination under Title VII, Section 1981, and the ADA (argued in section III(A)(1), on pages 8-14); retaliation under Title VII, Section 1981, and the FMLA (argued in section III(A)(2), on pages 14-17); hostile work environment under Title VII and Section 1981 (argued in section III(A)(3), on pages 17-21); disability discrimination and retaliation under the PHRA (argued in section III(A)(4), on pages 21-22).

1

exist as to whether Williams can establish his prima facie case of discrimination—namely, [1] whether there is a causal link between his complaints and his termination, and [2] whether Temple's stated legitimate bases for terminating Williams were, in fact, pretextual.

Second, Williams brings disability discrimination claims under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Genuine disputes of material fact exist as to whether Temple's stated legitimate bases for terminating Williams were, in fact, pretextual.

Third, Williams brings retaliation claims against Temple under Title VII, 42 U.S.C. § 1981, the PHRA, and the Family Medical Leave Act ("FMLA"). Genuine disputes of material fact exist as to [1] whether there is a causal link between his request for leave and his termination, and [2] whether Temple possessed "retaliatory intent."

Fourth, Williams brings claims for a hostile work environment under Title VII and 42 U.S.C. § 1981. Genuine disputes of material fact exist as to whether Williams experienced severe, pervasive discrimination based on his race and/or disability.

**AND NOW**, this 3rd day of June 2022, it is **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 26) is **DENIED**.

                                                          __s/ANITA B. BRODY, J.__  
                                                          ANITA B. BRODY, J.

COPIES **VIA ECF**